IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           Plaintiff,                               ORDER

      v.                                        06-cr-137-bbc-1

STEPHEN CHRISTOPHER,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Stephen Christopher's supervised release was held on September 11, 2012 before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, Associate Federal Defender Erika L. Bierma. Also present was U.S. Probation Officer Shawn P. Robinson.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on December 21, 2006, following his conviction for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 65 months, with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on March 4, 2011. On January 16, 2012, he violated Standard Condition No. 5, requiring him to work regularly at a lawful occupation, when he was terminated from his employment after failing to report to work as scheduled. Defendant violated Standard Condition No. 6, requiring him to provide ten days' advance notification of any change in residence, when he moved from his reported residence at 3710 Hanover Street in Madison without notifying his probation officer. On January 20, 2012, he violated Special Condition No. 3, prohibiting him from the use of illegal drugs and requiring his participation in substance abuse treatment and testing, when he failed to report for a required substance abuse test.

Defendant's conduct falls into the category of Grade C violations. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

CONCLUSIONS

Defendant's violations warrant revocation. Defendant's criminal history category is III. With Grade C violations, he has an advisory guideline range of imprisonment of 5 to 11 months. The statutory maximum to which he can be sentenced upon revocation is 24 months under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing

Guidelines, I have selected a sentence at the top of the guideline range. The intent of this sentence is to hold defendant accountable for his violations and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on December 21, 2006, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 11 months, with no supervised release to follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 20th day of September 2012.

BY THE COURT:

/s/

BARBARA B. CRABB

U.S. District Judge